AEG/MT

M-09-1263

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SERVIO CEPEDA JORGE and
HENRY PENA CASTELLANOS,

        Defendants.

- - - - - - - - - - - - - - - - - X

C O M P L A I N T

(18 U.S.C. § 371)

EASTERN DISTRICT OF NEW YORK, SS:

        JAMIE R. MARCELLA, being duly sworn, deposes and states that he is a Special Agent with the United States Secret Service, duly appointed according to law and acting as such.

        Upon information and belief, on or about December 24, 2009, within the Eastern District of New York and elsewhere, the defendants SERVIO CEPEDA JORGE and HENRY PENA CASTELLANOS did knowingly and with intent to defraud conspire to possess fifteen or more counterfeit access devices, to wit: 120 counterfeit credit cards, in violation of Title 18, United States Code, Section 1029(a)(3).

        The source of your deponent's information and the grounds for your deponent's belief are as follows:[1]

---

[1]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. I have been a Special Agent with the United States Secret Service for approximately two years. My knowledge of this case is based upon my participation in the investigation, review of the files, and discussions with other agents.

2. On or about December 24, 2009, the defendant SERVIO CEPEDA JORGE, a citizen of the Dominican Republic, arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard Jet Blue flight 832 from Santiago, Dominican Republic.

3. During the course of a routine Customs examination, the defendant SERVIO CEPEDA JORGE presented his luggage to a Customs and Border Protection ("CBP") inspector for inspection. The defendant SERVIO CEPEDA JORGE acknowledged that the luggage belonged to him.

4. The examination of the luggage revealed five packets of credit cards, each containing approximately twenty credit cards and secured with a rubber band. The CBP inspector also found 14 credit cards in the defendant's wallet. The credit cards bore eleven different names. None of the credit cards was in the name of the defendant SERVIO CEPEDA JORGE. The CBP inspector, who suspected that the credit cards were counterfeit, contacted the United States Secret Service. I, along with other Secret Service and CBP agents, responded to JFK.

3

5. The defendant SERVIO CEPEDA JORGE was placed under arrest. Subsequent to the reading of his <u>Miranda</u> warnings, the defendant CEPEDA JORGE agreed to answer questions without an attorney present and cooperate with Secret Service agents. The defendant CEPEDA JORGE then stated, in sum and substance that his friend "Henry," who was then in the United States but whom CEPEDA JORGE knew from the Dominican Republic, asked him to bring counterfeit credit cards to the United States. CEPEDA JORGE agreed to make the trip. CEPEDA JORGE then met an individual named "Will" in the Dominican Republic, who gave him the credit cards, agreed to pay him three hundred dollars for the trip, and told him that "Henry" would pick him up at JFK. CEPEDA JORGE said that "Henry" purchased CEPEDA JORGE's round-trip plane ticket from Santiago, Dominican Republic to New York. CEPEDA JORGE also said that he knew that he was engaged in illegal activity.

6. On December 24, 2009, the defendant SERVIO CEPEDA JORGE agreed to make a consensually monitored telephone call to "Henry." During the consensually monitored call, "Henry" agreed to meet JORGE at the JFK arrivals area.

7. At the arrivals area, the defendant JORGE met a cooperating witness ("CW1"), who indicated that he and two other individuals had come to the JFK arrivals area to pick up JORGE. CW1 stated that the two individuals he had come to the airport

4

with were waiting in a white car parked outside. CW1 identified the white car for myself and other Secret Service and CBP agents.

8. Subsequently, a second cooperating witness ("CW2") exited the white car and entered the arrivals area. CW2 confirmed that he and CW1 had been waiting for the defendant SERVIO CEPEDA JORGE together with CW1 and another individual, who was still in the white car.

9. I and other Secret Service and CBP agents approached the white car and placed the defendant HENRY PENA CASTELLANOS under arrest. When first approached by law enforcement, PENA CASTELLANOS said that his name was "Anthony Fermin," and produced what appeared to be a Dominican Republic driver's license in that name. The defendant was read his Miranda warnings and agreed to answer questions without an attorney present. While being questioned, PENA CASTELLANOS admitted that his true name was HENRY PENA CASTELLANOS and that the driver's license he had provided to law enforcement was fraudulent. At the time of his arrest, PENA CASTELLANOS possessed ten credit cards in the name of "Anthony Fermin," which matched the name on 22 of the credit cards found in the defendant SERVIO CEPEDA JORGE's luggage. PENA CASTELLANOS stated, in sum and substance, that he knew the credit cards in the name of "Anthony Fermin" were counterfeit and that an individual named

5

"Will" had instructed him to pick up the defendant SERVIO CEPEDA JORGE at JFK.

10. I have confirmed that all the credit cards found in the defendant JORGE's luggage and in the defendant PENA CASTELLANOS's possession on December 24, 2009 are counterfeit.

WHEREFORE, your deponent respectfully requests that the defendants SERVIO CEPEDA JORGE and HENRY PENA CASTELLANOS be dealt with according to law.

_____
Jamie R. Marcella
Special Agent
United States Secret Service


Sworn to before me this
26th day of December, 2009

HON. A!                         
UNITED      S/Carter     !DGE
EASTERN                    K